STATE ex rel. PHŒNIX HOMESTEAD
ASS'N v. CITY OF NEW ORLEANS.

No. 16446.

Court of Appeal of Louisiana. Orleans.

Oct. 5, 1936.

E. M. Robbert, City Atty., and Henry
B. Curtis, Asst. City Atty., both of New
Orleans, for appellant.

Delvaille H. Theard, of New Orleans,
for appellee.

McCALEB, Judge.

Wm. W. Noble was the owner of certain
real estate situated in the city of New
Orleans bearing municipal No. 500 Lower-
line street. In the year 1935 he sold this
property to the Phœnix Building & Home-
stead Association. The city real property
taxes for the years 1930, 1931, 1932, 1933,
1934, 1935, and 1936 were past due and
unpaid, and the real estate had been ad-
judicated to the city in 1933 for nonpay-
ment of the 1930 tax levy. On April 16,
1936, the Homestead, availing itself of the
provisions of Act No. 161 of 1934, as
amended by Act No. 14 of the Fourth
Extra-Ordinary Session of 1935, redeemed
the property from the city of New Orleans
by paying the taxes for the year 1930,
and forthwith applied for city tax research
certificates, which disclosed that the city
had recorded tax liens against the prop-
erty for the nonpayment of taxes for the
years 1931 through 1936. The Homestead
demanded cancellation of the tax liens,
claiming that under the provisions of Act
No. 161 of 1934, as amended, it was en-
titled to have all subsequent tax levies
canceled upon paying the taxes for the
year for which the property was adjudi-
cated to the city. The city refused, and
thereupon the Homestead instituted this
mandamus proceeding for the purpose of
compelling the city to cancel the assess-
ments of taxes levied by it for the years
1931, 1932, 1933, 1934, 1935, and 1936.

The city appeared and filed an exception
of no cause of action, which was over-
ruled, and the district court judge granted
the relator relief as prayed for. Where-
fore this appeal.

On argument and in brief here the city
attorney concedes the correctness of our
decision in the case of State ex rel. Hug-
gett v. Montgomery, 167 So. 147. This
decision has been recently approved by
the Supreme Court in the case of State ex
rel. Tulane Homestead Ass'n v. Mont-
gomery, —— So. ——[1] (not yet reported).
Accordingly it is admitted that the relator
is entitled to have the tax levies for the
years 1934, 1935, and 1936 canceled.

It is also conceded by the city attorney
that the tax levy for the year 1931 is
prescribed by virtue of article 19, § 19,
of the Constitution of 1921, and that the
relator is entitled to the relief as prayed
for as to that year.

However, the city contends that under
our decision in the Huggett Case, supra,
the tax levies for the years 1932 and 1933
are due and exigible and that the judg-
ment of the district court should be re-
versed as to the tax assessments for
those two years. Counsel for relator
claims that those taxes were entinguished
by confusion because the city became the
adjudicatee of the property at the tax
sale and therefore could not owe itself
taxes under the provisions of articles 3277
and .3411, Rev.Civ.Code. But this same
point, involving taxes for the same years,
was presented to the Supreme Court in
the recent case of State ex rel. Tulane
Homestead Ass'n v. Montgomery, supra,
and decided adversely to the relator's con-
tention.

---

[1] Rehearing pending at date of publication.

· Similarly, relator contends that the taxes for the year 1932 are prescribed, but the Supreme Court, in the Tulane Homestead Ass'n Case, held that prescription was interrupted by the Legislature when, at its regular session in 1934, it adopted House Concurrent Resolution No. 2, providing for the temporary suspension, until October 31, 1934, of the operation of all laws relating to seizure, advertisement, and sale of property upon which delinquent taxes were due, and particularly section 60 of Act No. 170 of 1898, as amended ·by Act No. 315 of 1910, § 4.

Therefore it is ordered, adjudged, and decreed that the judgment of the district court be so amended as to deny relief to the relator, in so far as his action is directed against the city of New Orleans for the cancellation and erasure of the tax liens for the years 1932 and 1933, and, as thus amended, the judgment is affirmed, relator to pay all costs.

Amended and affirmed.